**IN THE U.S. DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **Kristy L. Narer** | * | |
| **17 Bishops Lane** | | |
| **Catonsville, Maryland 21228** | * | |
| | | |
| **On behalf of herself and** | * | |
| **others similarly situated** | | |
| | * | |
| **Plaintiffs** | | |
| **v** | * | **Case No._____** |
| | | **JURY TRIAL REQUEST** |
| **Catonsville Hospitality, LLC** | * | |
| **(d/b/a State Fare)** | | |
| **748 Frederick Road** | * | |
| **Catonsville, MD 21228** | | |
| | * | |
| **Speakeasy Libations, LLC** | | |
| **(d/b/a  Speakeasy)** | * | |
| **713 Frederick Road** | | |
| **Catonsville, MD 21228** | * | |
| | | |
| **Keith Holsey** | * | |
| **2121 Woodview Road** | | |
| **Finksburg MD 21408** | * | |
| | | |
| **Evan Brown** | * | |
| **748 Frederick Road** | | |
| **Catonsville, MD 21228** | * | |
| | | |
| | * | |
| **Defendants** | | |

_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Kristy L. Narer (the "Plaintiff"), on behalf of herself and others similarly

situated, by and through undersigned counsel, states a collective action complaint against

Defendants Catonsville Hospitality, LLC ("Catonsville Hospitality"),  Speakeasy Libations,

LLC, ("Speakeasy Libations"), Keith Holsey ("Holsey")  and  Evan  Brown  ("Brown")

(collectively, the "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq*. ("MWPCL"), and requests a jury trial, as follows:

## Introduction

1.     This is a collective action for unpaid minimum wages, overtime wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq*., the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2.     Plaintiff seeks, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6.     Defendant Catonsville Hospitality is corporation formed in the State of Maryland to engage in the operation of restaurants, bars and related activities. Defendant Catonsville

Hospitality owns and operates State Fare, a restaurant and bar in Catonsville, Maryland, which is located at 748 Frederick Road, Catonsville, MD 21228.

7.      Defendant Speakeasy Libations is a corporation formed in the State of Maryland to engage in the operation of restaurants and bars.  Defendant Speakeasy Libations owns the Speakeasy, a restaurant and bar in Catonsville, Maryland, which is located at 713 Frederick Road, Catonsville, MD 21228.

8.      On information and belief, Defendants Catonsville Hospitality and Speakeasy Libations are jointly owned and controlled by Defendants Holsey and Brown, for all times material to this case.

9.      At all times material herein, Defendant Catonsville Hospitality had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

10.     Together with Speakeasy Libations, Catonsville Hospitality has employed at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce at State Fare and Speakeasy restaurants.  There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries at State Fare and Speakeasy restaurants.  There are employees who regularly use wire and electronic means of communicating interstate, who also regularly sell food and beverages that have moved in interstate commerce and who regularly process credit card transactions for customer payments at both State Fare and Speakeasy restaurants.  There are employees who use, in Defendants' restaurants, cleaning products, dishes, tools, utensils,

napkins, menus, signage, among other items, that have moved in interstate commerce.

11.     On information and belief, Defendant Speakeasy Libations purchased Morseberger's Tavern in 2022, and the Defendants have been operating the Speakeasy at that location. Defendants Catonsville Hospitality and Speakeasy Libations are engaged in related activities for a common business purpose, such as, assigning Plaintiff, and others similarly situated, to work at both restaurants during the same work week.  By virtue of their common control and unified operations, Defendants Catonsville Hospitality and Speakeasy Libations are part of a single enterprise under the FLSA and MWHL, and jointly employ Plaintiff, and other similarly situated employees, for purposes of the FLSA, MWHL, and MWPCL.

12.     Accordingly, Plaintiff is employed by Defendants Catonsville Hospitality and Speakeasy Libations, a single entity covered by the FLSA's enterprise coverage provisions.  Defendants Catonsville Hospitality and Speakeasy Libations also satisfy the coverage provisions of the MWHL.  As a covered enterprise, Defendants Catonsville Hospitality and Speakeasy Libations have at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

13.     As the owners of Catonsville Hospitality and Speakeasy Libations, Defendants Holsey and Brown have complete operational control of the corporate Defendants.   Upon information and belief, Defendants Holsey and Brown maintain custody and control of business records of the corporate Defendants, and are responsible for maintaining those records, such as payroll records.

14.     Additionally, upon information and belief, for all times material to this case, Defendants Holsey and Brown possessed and continue to possess the authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at State Fare and

Speakeasy restaurants, including Plaintiff, and possessed the ability to hire employees and have terminated employees.

15.     Upon information and belief, Defendants Holsey and Brown received and continue to receive income from the corporate Defendants, and have been enriched by the failure of the Defendants to properly pay their workers.

16.     At all times material herein, Defendants Holsey and Brown have been "employers" within the meaning of the FLSA, MWHL, and MWPCL.  Defendants Holsey and Brown are jointly and individually liable for damages to the Plaintiff, and others similarly situated, under the FLSA, MWHL, and MWPCL.

17.     For all times pertinent to this lawsuit, Plaintiff, and others similarly situated, worked as servers and bartenders for the Defendants.

18.     As set forth below, Plaintiff seeks unpaid statutory minimum wages and overtime compensation in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

19.     Upon information and belief, there are than fifty current and former employees of Defendants, who have worked for Defendants during the last three (3) years as bartenders and/or servers, and who have not received the required minimum and overtime wages.

20.     Plaintiff, and other similarly situated tipped employees, were nonexempt employees of Defendants under the FLSA and MWHL.

21.     By failing to pay the statutory minimum and overtime wages that were due to Plaintiff, and other similarly situated employees, Defendants willfully violated very clear and well-established minimum and overtime wage of the FLSA.  Plaintiff further alleges that the

Defendants violated the minimum wage and overtime compensation provisions of the MWHL. In addition to actual sums owed, Plaintiff seeks on behalf of herself and other employees similarly situated who opt into this lawsuit, liquidated (statutory) damages pursuant to the FLSA and MWHL.

22.    Plaintiff also seeks prejudgment interest on all amounts owed under the MWHL, three times the amount of unpaid wages owed under the MWHL, pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL, and the MWPCL.

## Factual Allegations

23.    Plaintiff was employed by Defendants at State Fare restaurant during the three years preceding the filing of this lawsuit, and continues to work there today.  Plaintiff has worked at State Fare as a server and/or bartender since she was hired by the Defendants in the Summer of 2020.

24.    Plaintiff generally worked five (5) days a week at State Fare, but was frequently asked to pick up additional shifts and/or required to work beyond her regularly scheduled hours until she was released by a manager, and her hours of work would fluctuate from week to week.  Plaintiff regularly worked more than forty (40) per week throughout her employment.

25.    In November 2022, Plaintiff was reassigned to work at the Speakeasy, but continued to work one or two days a week at State Fare.  Thereafter, Plaintiff was generally scheduled to work on Monday, Tuesday, Wednesday and Saturday at the Speakeasy, and continued to work on Thursday and Sunday at State Fare.  Plaintiff regularly worked more than forty (40) per week in combined hours at both restaurants.

26.    For the entire time that Plaintiff worked for Defendants, she performed manual work as a

server and/or bartender and was non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL.

27.     Defendants required Plaintiff, and similarly situated employees, to work just for tips. Prior to 2023, Defendants never paid the Plaintiff, and other similarly situated employees, any type of hourly or other wages.  Instead, Defendants would distribute the tips for each shift in a small envelope containing cash to the Plaintiff, and similarly situated employees, anywhere from one to three weeks after the date of the shift worked.  Plaintiff has received hundreds of small manila envelopes (with the tip amount and the date of the shift written on the front) from the Defendants, but never received a negotiable paycheck prior to 2023.

28.     On April 13, 2023,  a restaurant manager, Jason Rasmussen, gave Plaintiff two negotiable paychecks (and one void paycheck) for part of the hours worked by Plaintiff.  These were the first wages received by Plaintiff during her almost three-years of employment.

29.     During the employment of Plaintiff, and other similarly situated employees, Defendants violated their rights to be paid the full minimum wage for each hour of work.  While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL to tipped employees.  By failing to pay any wages to Plaintiff, and other similarly situated employees, Defendants have forfeited their right to *potentially* pay tipped employees less than the full statutory minimum wage for each hour of work.

30.     Defendants were required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419 (respectively)), to inform tipped employees that among other things, that they were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.63 an hour to tipped employees, an hourly wage which is lower

than the minimum wage requirements of 29 U.S.C. § 206 and Md. Ann. Code LE art. § 3-413.

31.     Defendants violated 29 U.S.C. § 203(m) by failing to inform Plaintiff, and other similarly situated tipped employees, that Defendants were taking a so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit, or that they had the right to retain all tips except in a valid tip pooling arrangement, or any of the other requirements set out by law.  See 29 C.F.R. § 531.59(b).  Defendants violated the MWHL and by extension, the MWCPL, by failing to inform Plaintiff, and other similarly situated tipped employees, of the provisions of Md. Ann. Code LE art. § 3-419, and its amended provisions, which among other things require that tipped employees must be informed of provisions of Md. Ann. Code LE art. § 3-419 before Defendants could pay a wage of $3.63/hour.  Defendants further violated the tip credit requirements under the FLSA and MWHL by failing to pay any wages to Plaintiff and others similarly situated.

32.     As a result, Plaintiff, and others similarly situated, have the legal right to receive the full statutory minimum wage, as required by the FLSA and MWHL.

33.     Defendants violated the FLSA, the MWHL, and MWPCL insofar as they failed to properly pay Plaintiff, and others similarly situated, overtime when they worked over forty hours per week, in the amount of 1½ times their respective regular rate of pay (as calculated in accordance with U.S. Department of Labor regulations), for overtime hours worked in excess of forty (40) hours per week.

34.     By failing to pay the overtime wages due to Plaintiff, and others similarly situated, Defendants willfully violated very clear and well-established overtime wage provisions of the FLSA and MWHL.  In addition to actual sums owed, Plaintiff seeks liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL,

and three times the overtime wages owed under the MWHL pursuant to the MWPCL, as well as attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

35.     As a result, Plaintiff, and others similarly situated, have the legal right to receive the full overtime wage, as required by Federal law and applicable Federal regulations.

36.     Additionally, Defendants violated the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a), insofar that they failed to pay the earned wages for all hours worked by Plaintiff, and other similarly situated employees.  In addition to the actual sums owed for unpaid wages, Plaintiffs seek three times the amount owed pursuant to the MWPCL, as well as attorneys' fees and costs.

## Causes of Action

### COUNT I
### (FLSA-Failure to Pay Minimum Wage)

37.     Plaintiff incorporates paragraphs 1-36 as set forth above, and state that the actions of Defendants complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage) because Defendants failed to pay Plaintiff, and others similarly situated, the proper minimum wage free and clear of deductions and in a timely manner, by: (a) failing to pay any wages to Plaintiff, and others similarly situated, and requiring them to work just for tips; and (b) refusing and failing to inform Plaintiff, and others similarly situated, about all the tip credit information legally required to be provided by Defendants; and otherwise failing to comply with the requirements of 29 U.S.C. § 203(m) and 29 U.S.C. § 206.

38.     As a result, Plaintiff, and others similarly situated, have the legal right to receive the full statutory minimum wage, as required by the FLSA.

## COUNT II
### (MWHL-Failure to Pay Minimum Wage)

39.     Plaintiff incorporates paragraphs 1-38 as set forth above, and state that the actions of Defendants complained herein constitute a willful violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendants failed to pay Plaintiff, and others similarly situated, the proper minimum wage free and clear of deductions and in a timely manner, by: (a) failing to pay any wages to Plaintiff, and others similarly situated, and requiring them to work just for tips; and (b) refusing and failing to inform Plaintiff, and others similarly situated, about all the tip credit information legally required to be provided by Defendants; and otherwise failing to comply with the requirements of Md. Ann. Code LE Art. § 3-419.

40.     As a result, Plaintiff, and others similarly situated, have the legal right to receive the full statutory minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT III
### (FLSA – Failure to Pay Overtime Compensation)

41.     Plaintiff incorporates paragraphs 1-40 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants—at all times during the Plaintiffs' employment—have willfully failed and otherwise refused to compensate the Plaintiff, and others similarly situated, for hours in excess of forty hours in a work week at a rate of not less than one and one-half times their regular rate of pay.

42.     As a result, Plaintiff, and others similarly situated,  have the legal right to receive the full overtime wage, as required by Federal law and applicable Federal regulations.

## COUNT IV
### (MWHL - Failure to Properly Pay Overtime)

43.    Plaintiff incorporates paragraphs 1-42 as set forth above, and state, in addition, that

Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-

420 (overtime) because Defendants have, at all material times, failed and otherwise refused to

compensate Plaintiff, and others similarly situated, for all hours worked in excess of forty hours

a work week at a rate of not less than one and one-half times their regular rate of pay, as computed

under Md. Ann. Code LE Art. § 3-420.

44.    Defendants' actions complained of herein constitute a violation of Section 3-415 of the

MWHL, because Defendants failed to compensate Plaintiffs at a proper overtime rate for hours

worked in excess of forty in a work week at a rate not less than one and one-half times the

Plaintiffs' regular rate of pay, as required by Maryland law.

45.    As a result, Defendants owe Plaintiffs overtime wages in the amount of one and one-half

times the Plaintiff's regular rate of pay, for all work weeks they worked in excess of forty hours

per week.

## COUNT V
### (MWPCL Act – Unpaid Wages)

46.    Plaintiff incorporates paragraphs 1-45 as set forth above, and state that the actions of

Defendants, in failing and refusing to pay wages free and clear that are due without coercion and

intimidation to Plaintiff, and others similarly situated, and requiring them to work only for tips;

alternatively, in failing to inform Plaintiff, and others similarly situated, of the provisions of Md.

Ann. Code LE art. § 3-419; alternatively, in failing to pay overtime wages when earned, including

payment in proper amounts, are all separate violations of the MWPCL, Md. LE Art. § 3-502(a)(ii)

and § 3-505(a).

47.     That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and overtime compensation as applicable under the MWHL.

48.     That impliedly, by operation of law, Plaintiff, and others similarly situated, were entitled to be paid statutory minimum and overtime wages by Defendants under the MWHL, which have not been paid throughout the term of Plaintiff's employment.

49.     That there are no bona fide disputes between the parties as to the right of the Plaintiff, and others similarly situated, to be paid all lawful wages due arising from their employment. Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiff, and others similarly situated, performed work as employees for which they were not properly compensated.

50.     Plaintiff, and others similarly situated, are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated wages that have gone unpaid.

## Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorneys' fees and costs; and in support thereof, request this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiff, and others similarly situated, all unpaid minimum and overtime wage payments determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime wage payments awarded to Plaintiff, and others similarly situated, pursuant to the FLSA;

(b) Order Defendants to pay the Plaintiffs, and others similarly situated, an amount equal to triple the amount of unpaid minimum and overtime wages owed to the Plaintiff, and others similarly situated, as they are entitled to such damages under MWPCL;

(c) Award Plaintiff, and others similarly situated, their attorneys' fees and costs in pursuing this action;

(d) Award Plaintiff, and others similarly situated, interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiff, and others similarly situated, any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ / (with permission)*_____
Howard B. Hoffman, # 25965
Jordan S. Liew, #20509
Hoffman Employment Law, LLC
600 Jefferson Plaza, Ste. 205
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com

*Counsel for Plaintiffs*

*/s/ Bradford W. Warbasse*__
Bradford W. Warbasse
Federal Bar No. 07304
Attorney at Law
P.O. Box 1284
Brooklandville, Maryland 21022
(443) 862-0062
warbasselaw@gmail.com

*Counsel for Plaintiffs*

## Jury Demand

The Plaintiffs, by their attorneys, hereby demand a jury trial as to all issues triable by a

jury.

/s/ *Bradford W. Warbasse*
Bradford W. Warbasse